# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Ronnie Mac Chance, et al.,

    Plaintiffs,

v.

Sandy Vandiver, et al.,

    Defendants.

Case No. 15-CIV-206-RAW

## OPINION AND ORDER

Before the court is Plaintiffs' Complaint [Docket No. 2]. Plaintiffs filed this lawsuit against the Defendants alleging violations of their civil rights by various individuals who allegedly were involved in a criminal case against Plaintiff Chance involving the father and his four minor children. Plaintiff Chance has filed the action on behalf of himself and his four minor children.

Plaintiffs also filed a Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3] which has previously been granted [Docket No. 4].

The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court accepts Plaintiffs' factual allegations as true and construes them in the light most favorable to Plaintiffs. *Id*. at 1109. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. *Id*. at 1110. Moreover, this court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, "... the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

840 (10th Cir. 2005). Plaintiffs' arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that‐
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal‐‐
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994). In the instant case, the court finds there is no cognizable claim under the statutes cited by Plaintiffs.

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Further, the court may *sua sponte* dismiss an action pursuant to 28

U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Zapata v. Public Defenders Office*, 252 Fed.Appx. 237, 238 (10th Cir. 2007) (quoting *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)). Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" <u>Id</u>. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

**Conspiracy**

Plaintiffs' conspiracy theories are far-fetched at best. More importantly, Plaintiffs do not include any factual allegations that would tend to show that any conspiracies ever occurred. The Complaint alleges that various people coerced the minor children into lying about rape allegations against Plaintiff Chance. The Complaint also alleges that various people punished one of the minor children for asking to see her grandmother. Plaintiff Chance also makes various allegations against three attorneys who allegedly represented him during these proceedings. Finally, Plaintiff Chance makes various claims for an "involuntary" Plaintiff, the minor children's grandmother.

These allegations are insufficient and do not tend to show that any conspiracy ever occurred. Plaintiff Chance makes only conclusory allegations, which are insufficient to state a claim on which relief can be based. When a plaintiff asserts a conspiracy between a private actor and state actors, "the pleadings must specifically present facts showing agreement and concerted action. Conclusory allegations without supporting facts are insufficient." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988). Moreover, "[t]o prevail on a conspiracy theory under Section 1983, [Plaintiff] must demonstrate a single plan and knowledge of its essential nature and scope by each of the conspirators." *Hainey v. Sirmons*, No. CIV-07-205-C, 2008 WL 554820 at *7 (W.D. Okla. Feb. 26, 2008).

## Qualified Immunity

Plaintiffs' suit alleges various claims against employees of the Department of Human Services of the State of Oklahoma, or the Police Chief of Wright City, Oklahoma.[1] These claims under § 1983 are barred by Eleventh Amendment immunity. No factual or legal basis exists to establish liability on the part of any individual DHS case worker or the Police Chief regarding an investigation into child abuse. Furthermore, regarding the purported violation of Plaintiffs' rights based upon the Defendants' actions in the child abuse investigation, a plaintiff must assert and prove a constitutional violation by the individual defendants. Plaintiff Chance has asserted no allegation which gives rise to a constitutional violation. Plaintiffs' allegations, even if true, would not rise to the level of the constitutional violation by any of the named Defendants. Plaintiffs have not made a showing that any violation of a constitutional right was clearly established. No relevant case law exists within the Tenth Circuit which could be used to establish

---

1 The DHS employees named in the Complaint are: Sandy Vandiver, Miranda McKinney, and Katrina Anderson. The Police Chief of Wright City, Oklahoma named in the Complaint is Pat Strayhorn.

that the law was clearly established based upon the Plaintiffs' allegations. Additionally, even if the Plaintiffs could establish such a violation, the individual Defendants are entitled to qualified immunity.

**Conclusion**

The allegations listed in the Complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiffs' action is frivolous, and that Plaintiffs fail to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 9th day of June, 2015.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**